| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP DIVISION | |
| Case number (if known) _____  Chapter  11 | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | The Gateway at Wynwood LLC | |
|---|---|---|---|
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 81-1369387 | |
| 4. | Debtor's address | **Principal place of business**  11 Sunrise Highway, Suite 305  Valley Stream, NY 11580  Number, Street, City, State & ZIP Code  Nassau  County | **Mailing address, if different from principal place of business**  _____  P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  2916 North Miami Avenue Miami, FL 33127  Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | | |
| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ | |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor   The Gateway at Wynwood LLC                              Case number (if known)
         Name

**7. Describe debtor's business**

A. Check one:
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☒ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. Check all that apply
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   5313

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

Check one:
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. Check all that apply:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

Debtor   2830 Wynwood Properties LLC           Relationship _____
District  Eastern District of New York         When _____   Case number, if known _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page 2

Debtor  **The Gateway at Wynwood LLC**    Case number (*if known*) _____
        Name

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
Number, Street, City, State & ZIP Code

Is the property insured?
☐ No
☐ Yes.  Insurance agency _____
    Contact name _____
    Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor    The Gateway at Wynwood LLC                                    Case number (if known)
          Name

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 1, 2024
               MM / DD / YYYY

X  _/s/_____          David Goldwasser
Signature of authorized representative of debtor    Printed name

Title   Chief Restructuring Officer

**18. Signature of attorney**

X  _/s/_____          Date   July 1, 2024
Signature of attorney for debtor                  MM / DD / YYYY

Kevin Nash
Printed name

Goldberg Weprin Finkel Goldstein LLP
Firm name

125 Park Ave
New York, NY 10017-5690
Number, Street, City, State & ZIP Code

Contact phone _____    Email address   knash@gwfglaw.com

NY
Bar number and State

Debtor.
---------------------------------------------------------------x

## COMPANY RESOLUTIONS

WHEREAS, at a special combined meeting of the members and managers of The Gateway At Wynwood LLC and 2830 Wynwood Properties LLC (collectively the "Company") held on July 1, 2024 and after motion duly made and carried, it was:

RESOLVED, that each Company is authorized to file for relief under the provisions of Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York; and it is further

RESOLVED, that David Goldwasser is appointed and designated as Restructuring Officer each Company and is hereby authorized, directed and empowered to execute and deliver the bankruptcy petition and all documents and other instruments that may be required in connection with the bankruptcy proceeding, and to do all such other things, on behalf of each Company, as may be required in connection with their respective Chapter 11 proceedings; and it is further

RESOLVED, that each Company is authorized to retain Kevin J. Nash and the firm of Goldberg Weprin Finkel Goldstein LLC as its bankruptcy counsel.

Dated: New York, NY
July 1, 2024

| THE GATEWAY AT WYNWOOD LLC | 2830 WYNWOOD PROPERTIES LLC |
|---|---|
| By: Gateway Trust No. 1 | By: Gateway Trust No. 1 |
| By: *Charles Wertman* | By: *Charles Wertman* |
| Charles Wertman, Trustee | Charles Wertman, Trustee |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                          Chapter 11

THE GATEWAY AT WYNWOOD LLC,                                  Case No.

                                        Debtor.
-----------------------------------------------------------x
In re:                                                                          Chapter 11

2830 WYNWOOD PROPERTIES LLC,                                 Case No.

                                        Debtor.
-----------------------------------------------------------x

## DEBTORS' COMBINED DECLARATION
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

David Goldwasser declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I have been engaged as a restructuring officer by The Gateway at Wynwood LLC (the "Gateway Debtor") and 2830 Wynwood Properties LLC ( the "2830 Debtor") (collectively the "Debtors"), charged with the responsibility of overseeing the Debtors' respective Chapter 11 cases. I have reviewed the respective Debtors' business and financial affairs, and I submit this combined Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of their respective Chapter 11 filings.

### Background

2. The Debtors are headquartered on Long Island. The Gateway Debtor owns a valuable mixed-use office development project (the "Project") in Miami FL known as the Gateway at Wynwood located at 2916 North Miami Avenue, Florida. The Project is fully built and completed with a certificate of occupancy in place and consists of approximately 450,000 total

square feet located in Miami's vibrant Wynwood district, including 195,000 square feet of Class A commercial office space, plus associated retail space and multiple floors of covered parking.

3. The adjoining property at 2830 North Miami Avenue is owned by the 2830 Debtor, and consists of an 11,000 square foot lot partially occupied by Chase Bank as a retail tenant under a triple net lease. The balance of the parcel is vacant.

4. Both properties are cross collateralized under a combined mortgage held by agents of A10 Capital LLC ("A10") or its successor, securing a series of Class A and B notes in the total principal amount of approximately $101,000,0000 [Series A Note in the sum of $80,720,000 and Series B-1 and B-2 Notes totaling $21,000,000].

5. The immediate need for Chapter 11 relief arises out of the Debtors' inability to obtain an extension of pending foreclosure sales, currently scheduled for July 2, 2024.

6. Over the last few weeks, the Debtors sought but were unsuccessful in their pursuit of a voluntary short-term adjournment of the sales and have no alternatives except to seek Chapter 11 relief. The Project is currently about 70% leased and is believed to have a value in excess of approximately $100 million, with a potential stabilized value of approximately $120,000,000. As leasing activities continue, the value of the Project will only increase and the Project has drawn the interest of various potential investors with strong financial backing.

7. The current judgment of foreclosure is in the total net sum of approximately $112,000,000. The Debtors received notice late last week that the judgment of foreclosure was assigned by A10 to 2916-2994 Gateway LLC (collectively, the "Lender").

### History of the Project

8. The Project was first conceived in 2015 with the purchase of the first of two parcels at the corner of North Miami Avenue for the sum of $18,000,000. Over the ensuing years, the

parcels underwent extensive redevelopment after construction financing was obtained in December 2019. The Debtors broke ground a month later in January 2020, just before the Covid-19 shut down.

9. The Debtors persevered through Covid and kept the Project relatively on schedule and relatively on budget and welcomed the first tenant in January 2022. Along the way, the Debtors overcame a completely unanticipated cyber-attack pursuant to which a large payment of over $3,000,000 to the general contractor was diverted and stolen by internet thieves in 2020. While the Debtors are pursuing claims to recover back the payment, the fact remains that the Debtors lost valuable liquidity, prompting the members to contribute substantial capital to make up deficiencies.

10. If challenges relating to Covid-19 were not enough, the initial construction loans expired in 2022 coinciding with the start of dramatic changes in credit markets. Efforts to market and sell the Project ran into difficulties prompting the Debtors to seek out short-term refinancing in an effort to ride out the bad market.

### A10 Borrowing

11. Ultimately, the Debtors entered into loans with agents of A10 in February 2023, subject to interest reserves and pre-paid interest rate caps financed by Chatham Financial. By the fall of 2023, interest reserves were exhausted, although the Debtors continued to pay partial monthly interest payments through April 2024 of approximately $400,000 per month. Additionally, the interest rate cap payments were made as well, but the Lender nevertheless commenced foreclosure proceedings while retaining all partial payments.

12. Exacerbating matters, the Lender also improperly rejected requested to fund various proposed new leases at the Project which would have increased cash flow and enhanced value.

13. In Florida, foreclosure proceedings are done on a relatively expedited basis. The Lender was able to obtain a judgment of foreclosure on or about May 21, 2024. At the time of the foreclosure, the Lender was holding approximately $6 million in reserves which were applied to reduce the overall total balance. The amounts include exit fees of $791,000, default interest of approximately $2.0 million, and late fees of $5,382,456.

### Reorganization Strategy

14. Besides the Lender, the Debtors have a number of other creditors including contractors, brokers and service providers. This is not remotely close to a two-party dispute and the Project requires a reasonable opportunity to conclude negotiations with potential new investors and enter into new restructuring discussions with the Lender and other creditors.

15. The Debtors intend to proceed on multiple fronts immediately upon commencement of the Chapter 11 cases and, hopefully, will be able to enter into consensual cash collateral arrangements. The Debtors have on hand operating funds and security deposits with Flagstar Bank in the respective aggregate amounts of approximately $992,000 and $680,000

### Local Rule 1007-4 Disclosures

16. Pursuant to Local Rule 1007-4 (a)(v), no committee of creditors was formed prior to the filing of the Petitions.

17. Pursuant to Local Rule 1007-4(a)(vi), a matrix of each Debtor's creditors is included as part of the respective Petitions.

18. Pursuant to Local Rule 1007-4(a)(vii), the Properties are subject to mortgage liens as set forth above held by the Lender.

19. Pursuant to Local Rule 1007-4(a)(viii), the respective Debtor's assets and liabilities will be set forth in formal bankruptcy schedules and statements to be filed within the next fifteen (15) days.

20. Pursuant to Local Rule 1007-4(a)(ix), the membership interests of each Debtor are held in trust as indicated in the accompanying resolution.

21. Pursuant to Local Rule 1007-4(a)(x), no receiver or other custodian has been appointed to operate either of the Properties.

22. Pursuant to Local Rule 1007-4(a)(xi), the Properties are located in Miami, Florida.

23. Pursuant to Local Rule 1007-4(a)(xii), the Debtors' respective books and records are located in Valley Stream, New York.

24. Pursuant to Local Rule 1007-4(a)(xiii), a list of lawsuits is being filed contemporaneously herewith.

25. Pursuant to Local Rule 1007-4(a)(xiv), I shall serve as the Restructuring Officer of the Debtors.

26. Pursuant to Local Rule 1007-4(a)(xv), the Debtors have two current employees performing property manager services of approximately $13,000 per month.

27. Pursuant to Local Rule 1007-4(a)(xvi), an operating budget will be filed prior to the Section 341 meeting, likely in conjunction with a cash collateral stipulation. The Debtors' current rent rolls for each property are attached hereto for informational purposes.

Dated: New York, New York
July 1, 2024

_____
David Goldwasser

# Rent Roll

Properties: The Gateway At Wynwood LLC ( Operating Account) - 2916 N. Miami Avenue Miami, FL 33127
Units: Active
As of: 07/01/2024
Include Non-Revenue Units: No

| Unit | Tenant | Status | Rent | Lease From | Lease To | Monthly Charges | Last Rent Increase Date | Next Rent Increase Date | Next Rent Increase Amount | Sqft |
|---|---|---|---|---|---|---|---|---|---|---|
| The Gateway At Wynwood LLC ( Operating Account) - 2916 N. Miami Avenue Miami, FL 33127 | | | | | | | | | | |
| Store Suite A | | Vacant-Unrented | | | | 0.00 | | | | 4,912 |
| Store Suite B | CRG OPCO, LLC. ( Central Rock Gym) | Current | 0.00 | 04/01/2024 | 01/15/2035 | | | 09/01/2024 | 55,114.58 | 10,175 |
| Suite - 100 | | Vacant-Unrented | | | | 0.00 | | | | 3,075 |
| Suite - 100A | Gateway Wyn LLC. | Current | 35,545.30 | 03/01/2023 | 02/28/2033 | 9,240.30 | 02/01/2024 | 03/01/2025 | 36,611.66 | 5,916 |
| Suites - 1005, 1010 and 1015 | Miami Labs, Inc. | Current | 77,792.79 | 10/10/2022 | 08/31/2030 | 3,951.79 | 02/01/2024 | 02/01/2025 | 80,126.57 | 14,914 |
| Suite - 700 | Marcus & Millichap Real Estate Services, Inc. | Current | 61,433.10 | 01/01/2023 | 06/30/2030 | 2,162.75 | 01/01/2024 | 01/01/2025 | 63,276.10 | 12,029 |
| Suite - 705 | Vacation Capital Group Management Inc/BSLN, LLC. | Current | 27,462.75 | 06/01/2023 | 09/30/2028 | 935.73 | 10/01/2023 | 10/01/2024 | 28,286.63 | 5,231 |
| Suite - 710 | VICTORY POLYMERS CORP. | Current | 23,691.12 | 01/01/2023 | 08/31/2029 | 780.62 | 05/01/2024 | 05/01/2025 | 24,401.85 | 3,781 |
| Suite - 715 | Thoma Bravo, L.P. | Current | 29,897.47 | 03/15/2023 | 08/14/2024 | 1,019.41 | 02/01/2024 | | | 4,354 |
| Suite - 720 | | Vacant-Unrented | | | | 0.00 | | | | 5,523 |
| Suite - 800 | | Vacant-Unrented | | | | 0.00 | | | | 6,349 |
| Suite - 810 | Simon Miami Office, LLC. | Current | 21,125.00 | 01/01/2024 | 12/31/2026 | 7,469.35 | | 01/01/2025 | 21,758.75 | 3,900 |
| Suite - 820 | | Vacant-Unrented | | | | 0.00 | | | | 8,873 |
| Suite - 830 | Spearmint Renewable Development Company, LLC. | Current | 41,914.17 | 03/01/2024 | 02/28/2030 | 15,284.88 | 05/01/2024 | 03/01/2025 | 43,171.59 | 7,736 |

Created on 07/01/2024

# Rent Roll

| Unit | Tenant | Status | Rent | Lease From | Lease To | Monthly Charges | Last Rent Increase Date | Next Rent Increase Date | Next Rent Increase Amount | Sqft |
|---|---|---|---|---|---|---|---|---|---|---|
| Suite-1000 | Veru, Inc. | Current | 62,326.99 | 03/01/2022 | 02/28/2030 | 2,262.00 | 03/01/2024 | 03/01/2025 | 64,196.80 | 12,155 |
| 6th Floor | MI Gateway LLC. (Mindspace) | Current | 0.00 | 01/01/2023 | 01/31/2036 | 1,740.13 | 07/01/2024 | 08/01/2024 | 152,116.80 | 30,272 |
| 9th Floor Suite A | RIPPLE LABS, INC. | Current | 37,523.93 | 09/30/2022 | 01/31/2028 | 1,571.35 | 10/01/2023 | 10/01/2024 | 38,649.65 | 6,429 |
| 9th Floor Suite B | | Vacant-Unrented | | | | 0.00 | | | | 3,511 |
| 9th Floor Suite C | Thoma Bravo, L.P. | Current | 58,620.73 | 03/15/2023 | 08/14/2024 | 2,237.03 | 02/01/2024 | | | 8,537 |
| 9th Floor Suite D | Thoma Bravo, L.P. | Current | 55,201.13 | 03/15/2023 | 08/14/2024 | 2,222.85 | 02/01/2024 | | | 8,039 |
| 11th Floor | Miami Labs, Inc. | Current | 145,905.17 | 03/27/2023 | 10/31/2030 | 6,667.21 | 04/01/2024 | 04/01/2025 | 150,282.32 | 26,982 |
| 12th Floor | | Vacant-Unrented | | | | 0.00 | | | | 27,071 |
| 22 Units | | 68.2% Occupied | 678,439.65 | | | 57,545.40 | | | | 219,766 |
| Total 22 Units | | 68.2% Occupied | 678,439.65 | | | 57,545.40 | | | | 219,766 |

# Rent Roll

**Properties:** 2830 Wynwood properties, LLC (Operating Account) - 2830 North Miami Avenue Miami, FL 33127
**Units:** Active
**As of:** 07/01/2024
**Include Non-Revenue Units:** No

| Unit | Tenant | Status | Rent | Lease From | Lease To | Monthly Charges | Last Rent Increase Date | Next Rent Increase Date | Next Rent Increase Amount | Sqft |
|---|---|---|---|---|---|---|---|---|---|---|
| 2830 Wynwood properties, LLC (Operating Account) - 2830 North Miami Avenue Miami, FL 33127 | | | | | | | | | | |
| Unit 1 | JPMorgan Chase Bank, National Association | Current | 21,193.75 | 08/22/2018 | 01/31/2029 | 8,318.39 | 01/01/2020 | 01/01/2025 | 23,313.13 | 3,391 |
| **Total 1 Unit** | | 100.0% Occupied | 21,193.75 | | | 8,318.39 | | | | 3,391 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

THE GATEWAY AT WYNWOOD LLC,                                     Case No.

                                     Debtor.
-----------------------------------------------------------x

## LIST OF EQUITY HOLDERS

        Gateway Trust No. 1        100%

Dated: New York, NY
       July 1, 2024

                              THE GATEWAY AT WYNWOOD LLC

                      By: _____
                              Name: David Goldwasser
                              Title:  Restructuring Officer

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                    Chapter 11

THE GATEWAY AT WYNWOOD LLC,                            Case No.

                                        Debtor.
-----------------------------------------------------------X

## LIST OF PENDING LAWSUITS

1. Wilmington Trust v. The Gateway At Wynwood LLC
   11th Judicial Circuit Court, Miami-Dade County, Florida
   Index No. 2024-004961-CA-01
   Foreclosure Action

2. JGR Construction Inc. v. Fidelity and Deposit Company of Maryland et al.
   11th Judicial Circuit Court, Miami-Dade County, Florida
   Index No. 2021-021808-CA-01
   Breach of Contract with Counter claims

Dated: New York, NY
       July 1, 2024

                                                    THE GATEWAY AT WYNWOOD LLC

                                              By: _____
                                                    Name: David Goldwasser
                                                    Title:  Restructuring Officer

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                      Chapter 11

THE GATEWAY AT WYNWOOD LLC,                      Case No.

                                    Debtor.
-----------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, The Gateway At Wynwood LLC certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, NY
       July 1, 2024

                                      THE GATEWAY AT WYNWOOD LLC

                              By: _____
                                  Name: David Goldwasser
                                  Title:   Restructuring Officer