RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for A10 Capital, LLC, in its capacity as Servicer and Special Servicer, for and on behalf of Wilmington Trust, National Association, solely in its capacity as Trustee in trust for Holders of A10 Single Asset Commercial Mortgage 2023-GTWY, Commercial Mortgage Pass-Through Certificates, Series 2023-GTWY*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE GATEWAY AT WYNWOOD LLC, *et al.*, | : | Case No.: 24-72586 (LAS) |
| | : | |
| Debtors. | : | Jointly Administered |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | | |

**SECURED CREDITOR'S STATEMENT IN RESPONSE TO**
**DEBTOR'S MOTION FOR AN ORDER EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND**
**TO SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)(1)**

A10 Capital, LLC, in its capacity as Servicer and Special Servicer, for and on behalf of Wilmington Trust, National Association, solely in its capacity as Trustee in trust for Holders of A10 Single Asset Commercial Mortgage 2023-GTWY, Commercial Mortgage Pass-Through Certificates, Series 2023-GTWY (the "Secured Creditor"), by its counsel Rubin LLC, submits this statement (the "Statement") in response to the motion (the "Motion") [ECF No. 40] filed by The Gateway at Wynwood LLC ("Gateway") and 2830 Wynwood Properties LLC ("2830 Wynwood," and together with Gateway, collectively the "Debtors") for entry of an order extending the Debtors'

exclusive period to file a plan of reorganization and solicit acceptances thereto. In support of this Statement, the Secured Creditor respectfully represents as follows:

1. The Secured Creditor does not object to the Debtor's first request for 60-day extensions of the Debtor's exclusive periods under section 1121 of the Bankruptcy Code ("Exclusivity"). But the Secured Creditor files this Statement to express its concerns and underscore the need for the Debtors to come into compliance with certain milestones that were negotiated between the parties to advance these cases to a refinancing or a sale. Accordingly, the Secured Creditor reserves its rights to object to any further applications for extensions of Exclusivity in this case.

2. On September 24, 2024, the Court entered that certain *Interim Stipulation and Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, and (III) Granting Related Relief* (the "Interim Cash Collateral Order") [ECF No. 29], which authorized the Debtors' limited use of cash collateral on an interim basis. Following the entry of the Interim Cash Collateral Order, the Debtors and the Secured Creditor have engaged in discussions regarding the Debtors' use of cash collateral on a final basis on the terms of a final cash collateral stipulation and order (a "Final Cash Collateral Order"). Counsel for the Debtors and the Secured Creditor reached an agreement on the terms of a proposed Final Cash Collateral Order that would include specific requirement that the Debtors meet certain milestones (the "Milestones") in their chapter 11 cases, including, for example, filing an application to retain a broker to market and sell the Debtors' real properties (the "Properties"), the filing of a plan and disclosure statement, obtaining a re-financing by a date certain (barring which an auction sale of the Properties will be conducted), and other agreed-upon deadlines to facilitate the expeditious prosecution of these chapter 11 cases.

3. Unfortunately, the Debtors have already fallen behind schedule, and the deadline for filing an application to retain a broker had to be revised from October 28, 2024 to November 15, 2024, and it appears that the Debtors are about to miss this extended deadline as well.

4. While the Secured Creditor is hopeful that the Debtors will come into compliance with the Milestones that have been negotiated, the Debtors' delay in simply submitting a proposed Final Cash Collateral Order and budget (which budget is to be identical to the budget agreed-to under the Interim Cash Collateral Order), raises concerns for the Secured Creditor.

5. Accordingly, the Secured Creditor files this Statement to make clear that, while it does not oppose the pending request for an extension of Exclusivity sought in the Motion, the Secured Creditor does not waive and expressly reserves its right to object to any further extensions of Exclusivity.

Dated: New York, New York
November 14, 2024

          RUBIN LLC

          By:    */s/ Paul A. Rubin*
                Paul A. Rubin
                Hanh V. Huynh
          11 Broadway, Suite 715
          New York, New York 10004
          Tel: 212.390.8054
          prubin@rubinlawllc.com
          hhuynh@rubinlawllc.com

*Counsel for A10 Capital, LLC, in its capacity as Servicer and Special Servicer, for and on behalf of Wilmington Trust, National Association, solely in its capacity as Trustee in trust for Holders of A10 Single Asset Commercial Mortgage 2023-GTWY, Commercial Mortgage Pass-Through Certificates, Series 2023-GTWY*